UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA L. MCCUTCHEN, | CASE NO. 14-cv-05425 RJB JRC |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | Noting Date: May 15, 2015 |
| Defendant. | |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 14, 21, 22).

After considering and reviewing the record, the Court concludes that although both parties admit that the ALJ erred in evaluating the medical evidence in the record, an immediate award of benefits would not be warranted. Further administrative proceedings

are necessary because there are outstanding issues to be resolved regarding the medical evidence, and thus in assessing plaintiff's RFC.

Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, VICTORIA L. McCUTCHEN, was born in 1988 and was 14 years old on the alleged date of disability onset of April 5, 2003 (*see* AR. 181-86, 187-90, 191-92). Plaintiff has completed some community college courses but did not complete high school, nor has she obtained her GED (AR. 37-38). Plaintiff has no past relevant work history (AR. 19, 258).

According to the ALJ, plaintiff has at least the severe impairments of "bipolar disorder, post-traumatic stress disorder, and personality disorder (20 CFR 404.1520(c) and 416.920(c))" (AR. 13).

At the time of the hearing, plaintiff was living in her motor home (AR. 34, 35).

## PROCEDURAL HISTORY

Plaintiff's applications for child's disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 66-75, 76-85, 88-99, 100-111). Plaintiff's requested hearing was held before Administrative Law Judge Gordon W. Griggs ("the ALJ") on December 11, 2012 (*see* AR. 26-62). On December 26, 2012, the ALJ issued a written

decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 8-25).

On March 24, 2014, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (AR. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision on May 22, 2014 (*see* Dkt. 1). Defendant filed the sealed administrative record regarding this matter ("AR.") on November 10, 2014 (*see* Dkt. 8, 9).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly assessed plaintiff's residual functional capacity ("RFC"); and (2) Whether or not the ALJ provided a sufficient basis for questioning the credibility of plaintiff (*see* Dkt. 14, p. 2). Defendant concedes that the ALJ erred in evaluating the medical evidence, and thus in assessing the plaintiff's RFC, and that the matter should be remanded, but disagrees with plaintiff's requested remedy of reversal for payment of benefits (*see* Dkt. 21, p. 1, 2).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**Whether the case should be remanded for further administrative proceedings or reversed for payment of benefits.**

The parties agree that the ALJ erred in his evaluation of the medical source opinions in the record. However, the parties disagree as to whether this matter should be reversed and remanded for further proceedings or for an award of benefits. Plaintiff contends that further development of the record is unnecessary and therefore that the plaintiff should be found disabled and this matter should be remanded with a direction to award benefits (*see* Dkt. 22, pp. 3-4). Defendant contends that further development of the record is necessary because the medical opinions were divided regarding the severity of plaintiff's mental impairments (*see* Dkt. 21, p. 4).

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen, supra*, 80 F.3d at 1292 (citations omitted). Next, as stated recently by the Ninth Circuit:

> Second, we turn to the question whether [or not] further administrative proceedings would be useful. In evaluating this issue, we consider [if] the record as a whole is free from conflicts, ambiguities, or gaps, [if] all factual issues have been resolved, and [if] the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

The final step, then, is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen*, *supra*, 80 F.3d at 1292). The court noted that at this final "stage of the credit-as-true analysis, we do not consider arguments against crediting evidence that the ALJ did not make." *Id.* at 1022 n.29.

The court in *Garrison* found that "the district court abused its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the claimant] is not, in fact, disabled." *Id.* at 1021 (footnote omitted). The court noted that simply providing an ALJ with another opportunity to reject evidence is not proper, and concluded as follows:

> Although the Commissioner argues that further proceedings would serve the "useful purpose" of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a "useful purpose" under the [second] part of the credit-as-true analysis. (Citations to *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility." (citation omitted))).

*Id.* at 1021-22.

However, the Court also notes that in another recent case, the Ninth Circuit pointed out that the issue of whether or not further administrative proceedings would serve a useful purpose comes before the court decides and applies the final part of the credit-as-true rule. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted).

In *Treichler*, the court first determined that the ALJ had provided only a "'vague allegation' that [the] claimant's testimony [was] 'not consistent with the objective medical evidence,' without any 'specific findings in support,'" which was "insufficient for [the court's] review." *Id.* at 1103 (citation omitted). The court continued with its review of the record and, after noting inconsistencies between the claimant's statements and the record, concluded that because of conflicts and ambiguities in the record, and because not all essential factual issues were resolved, further factual development was necessary to resolve the issue of credibility. *Id.* at 1103-06. As noted by the court, "an

ALJ's failure to provide sufficiently specific reasons for rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Id.* at 1106.

Here, the parties agree that the first step is met, as defendant concedes that the ALJ erred by failing to provide sufficient reasons to either adopt or discredit all of the medical source opinions (*see* Dkt. 21, p. 2).

However, the second step is not met because the record as a whole is not free from conflicts and claimant's entitlement to benefits is not clear under the applicable legal rules. *See Treichler, supra*, 775 F.3d at 1103-04. Here, although the ALJ failed to provide legitimate reasons supported by evidence to either adopt or discredit all of the medical source opinions, some of which support a finding of disability, the ALJ noted several opinions that do not support a finding of disability.

For example, the ALJ gave great weight to the opinion of treating physician Dr. Donna Silowowski, D.O. (AR. 18). Dr. Silowowski opined that plaintiff was capable of maintaining regular job attendance, getting along with supervisors and co-workers, and performing simple, routine tasks (*see* AR. 335-36). Plaintiff does not challenge the weight given to this opinion. Moreover, the ALJ gave great weight to three state agency psychological consultants whose opined limitations were consistent with the ALJ's RFC, as he found their opinions to be consistent with the record as a whole (*see* AR 18, 66-75, 88-99, 365-78). These opinions are in direct conflict with the opinions the ALJ failed to credit. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

(*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Therefore, the Court concludes that outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292.

Plaintiff cites to *Garrison*, arguing that allowing further proceedings for an ALJ to revisit medical opinions he improperly rejected is not a legitimate "useful purpose" (*see* Dkt. 22, p. 3). However, the Court is not ordering further proceedings for the ALJ to revisit the opinions he improperly failed to credit, but rather to resolve the conflict between those opinions and the opinions he did credit, which leave plaintiff's entitlement to benefits unclear. The Court cannot say that all factual issues have been resolved and that plaintiff is clearly entitled to benefits, so the credit-as-true argument fails at step two. *See Treichler, supra*, 775 F.3d at 1103-04.

Furthermore, even should additional limitations be assessed, another outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy.

Therefore, for the reasons stated and based on the record as a whole, the Court concludes that this matter must be remanded for further administrative consideration.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for plaintiff, and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 15, 2015, as noted in the caption.

Dated this 23rd day of April, 2015.

J. Richard Creatura
United States Magistrate Judge